Michelle R. Matheson  #019568
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SHEILA DULHANTY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TOWN OF SPRINGERVILLE,<br>An Arizona Municipal Corporation,<br><br>　　　　　Defendant. | Case No.: _____<br><br>**COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

　　　　Plaintiff in support of this Complaint against Defendant the Town of Springerville ("Defendant" or "the Town") alleges as follows:

　　　　1.　　Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages due to her in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA").

　　　　2.　　Until October 19, 2010, Plaintiff was employed by Defendant, most recently as its Airport Development Coordinator. At all times relevant to this action,

Plaintiff was a covered "employee" and Defendant was Plaintiff's "employer" as those terms are defined by the FLSA.

3. At all times during her employment, Plaintiff was a non-exempt employee entitled to overtime compensation at the rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 in any workweek.

4. Defendant is a municipal corporation organized under the laws of the State of Arizona. Defendant is therefore a political subdivision within the meaning of Section 3(x) of the FLSA.

5. Defendant is also an "enterprise" within the meaning of Section 3(f) of the FLSA.

6. Defendant is also engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA.

7. At all times relevant to this Complaint, Plaintiff reported to the Defendant's employee, Steve West ("West"). During this same time period West held multiple positions of authority in the Town's management and operations, including Police Chief, Interim Town Manager and Full-Time Town Manager. At all times relevant to this action West had actual and apparent authority to direct the terms and conditions of Plaintiff's employment.

8. This Court has jurisdiction and venue over the subject matter and the parties hereto pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1391(b)(2). This matter is within the venue of the Prescott Division because Plaintiff worked in Apache County, Arizona and currently resides Navajo County, Arizona.

## COUNT ONE

**(Failure to Properly Pay Overtime Wages in Violation of the FLSA)**

9. Plaintiff incorporates by reference the allegations above.

10. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff worked in excess of 40 hours per week, but was not paid for those excess hours at the rate of one and one-half times her regular rate of pay as required by the FLSA.

11. Beginning in August 2008, and on multiple other occasions during her employment, West directed Plaintiff not to record all of her hours worked on her weekly timesheet and instead directed her to separately keep track of overtime hours she worked as compensatory time. West told Plaintiff that these compensatory hours could be used in lieu of or in addition to her paid vacation time.

12. Following the termination of the employment relationship, Plaintiff received payment for her accrued but unused vacation time, but did not receive payment for her accrued but unused compensatory time. Plaintiff made a formal demand for payment of her compensatory time to the Town Attorney on November 2, 2010. To date, Plaintiff has not received any payment for the compensatory time due her.

13. Defendant's failure to pay overtime to Plaintiff was willful. West acted with reckless disregard to the Town's policies and its obligations under the FLSA by allowing Plaintiff to accumulate more than the compensatory hours allowed under the Town's policy. Moreover, upon advising Defendant of this overtime liability, Defendant has failed to pay Plaintiff any of the overtime compensation due.

14. Plaintiff has suffered economic damage as a result of Defendant's unlawful acts and is entitled to statutory remedies provided by the FLSA including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff requests:

A. For the Court to declare and find that the Defendant committed one or more of the following acts:

    i. violated overtime provisions of the FLSA; and

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B. For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b);

C. For the Court to award Plaintiff's reasonable attorneys' fees and costs;

D. For the Court to award pre-judgment interest on all compensation due, accruing from the date such amounts were due, and post-judgment interest; and

E. For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Dated this __7th__ day of December, 2010.

/s/ Michelle R. Matheson
    Michelle R. Matheson  #019568
    MATHESON & MATHESON, P.L.C.
    14358 N. Frank Lloyd Wright Blvd.
    Suite 11
    Scottsdale, Arizona 85260
    (480) 889-8951
    Attorney for Plaintiff